**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAVON WILLIAMS,
      Plaintiff

    v.

WELLS FARGO AUTO, *et al.*,
      Defendants

No. 25 CV 13468

Judge Jeremy C. Daniel

**ORDER**

The defendants' motion to dismiss [19] is granted. The dismissal is without prejudice. Any amended complaint is due on or before May 29, 2026. Failure to file an amended complaint by that date will convert this dismissal to one with prejudice.

**STATEMENT**

**Background**

The following description of events underlying these claims is drawn from the amended complaint and presumed true for the purpose of resolving these motions. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In May 2025, Javon Williams entered a Retail Installment Contract (the "Contract") for the purchase of a 2024 Volkswagen Atlas Cross Sport from Volkswagen of Orland Park ("Volkswagen"). (R. 17 at 2; R. 19 at 2–3.)[1] The Contract was then assigned to Wells Fargo Auto ("Wells Fargo"), which is the servicer of the financing agreement. (R. 17 at 2.) When the plaintiff entered the Contract, he provided a single electronic signature that was applied across multiple documents within the transaction packet, including financing agreements and arbitration provisions. (*Id.*)

In June 2025, the plaintiff took the car to Volkswagen for alignment and road force balancing. (*Id.*) The dealership did not file a claim with the protection plan group covering the repairs, and the plaintiff paid out of pocket for the repairs. (*Id.* at 3.) The plaintiff issued a written "Revocation of Power of Attorney" to Volkswagen and Wells Fargo that revoked authority to act on the plaintiff's behalf, made a $200 partial payment to Wells Fargo with a reservation of rights, and transmitted a "Notice of Rescission" pursuant to 15 U.S.C. § 1635 to Volkswagen and Wells Fargo to rescind

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

the payment and dissolve the Contract. (*Id.*) Volkswagen and Wells Fargo did not rescind the contract. (*Id.*) In July 2025, the plaintiff attempted to initiate arbitration, but Volkswagen was not registered with the American Arbitration Association, so it did not proceed. (*Id.* at 4.)

The plaintiff then initiated this lawsuit. In his amended complaint, the plaintiff alleges that the defendants violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1365, *et seq.*, the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. §§ 7001, *et seq.*, the Uniform Electronic Transactions Act (UETA), 815 ILCS 333/1, *et seq.*, Regulation Z, 12 C.F.R. §§ 1026.17, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1, *et seq.* He also brings claims for breach of contract, fraud in the inducement, unjust enrichment, breach of warranty, negligent misrepresentation, civil conspiracy, and declaratory and injunctive relief. (*Id.* at 4–15.) Wells Fargo moves to dismiss. (*See generally* R. 19.)

## Legal Standards

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Additionally, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must "describe the 'who, what, when, where, and how' of the fraud[.]" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

## Analysis

### TILA's Right of Rescission and Disclosures

Wells Fargo first argues that TILA does not provide a right of rescission for motor vehicle loans. (R. 19 at 4.) The right of rescission pursuant to TILA applies to loans for "principal dwellings." 15 U.S.C. § 1635(a) ("[I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling . . . the obligor shall have the

right to rescind the transaction . . . ."). A vehicle is not a principal dwelling within the meaning of the statute. *See* 12 C.F.R. § 226.2(19).

Wells Fargo next argues that it made the required disclosures under TILA. (R. 19 at 5–7.) The plaintiff attached the Contract to his original complaint but did not attach it to the amended complaint. (*See* R. 1-1.) The contract is nonetheless central to the amended complaint, which means that the Court may consider it when deciding a motion to dismiss. Wells Fargo argues that the disclosures must have been made to the plaintiff because he attached the Contract to his initial complaint and that all material terms were disclosed in the Contract. (R. 19 at 5–7.) TILA lays out certain terms that must be disclosed to the consumer, which includes the identity of the creditor, the amount financed, the finance charge, the annual percentage rate, the total of payments, the number and period of payments, the total sale price, the nature of the security interest, and prepayment rebates. 15 U.S.C. § 1368(a). All this information is present in the Contract: the APR, the finance charge, the amount financed, the total of payments, the total sale price, the prepayment rebate, the security interest, the identity of the creditor, and the period and number of payments. (R. 1-1 at 35–36.)

The Court accordingly dismisses the TILA claims against Wells Fargo.

**E-SIGN Act and UETA**

Wells Fargo argues next that the E-SIGN Act and UETA do not create a private right of action under which the plaintiff can recover damages. (R. 19 at 7–8.) This is correct; no provision of either statute expressly permits an aggrieved party to pursue damages. *See Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 707–08 (E.D. Pa. 2016) ("The E-Sign Act contains no rights-creating language and manifests no intent to create a private right or remedy, but rather establishes that contracts and signatures cannot be denied legal effect merely because they are in electronic form."); 815 ILCS 333/7 ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.") (establishing the legal validity of electronic signatures under UETA but not providing a right of action to pursue violations). The plaintiff's claims under the E-SIGN Act and UETA are thus dismissed with prejudice. *Sereda v. Nomad Freight, Inc.*, No. 25-1584, 2026 WL 511138 (7th Cir. Feb. 24, 2026).

**Declaratory and Injunctive Relief**

Finally, Wells Fargo argues that the plaintiff is not entitled to declaratory or injunctive relief. (R. 19 at 14–15.) The plaintiff seeks a declaration by this Court on issues of contract validity or those regarding TILA already decided above. The Court has dismissed all federal claims, including under TILA, so it does not reach the state law claims. *See* 28 U.S.C. § 1367. Section 2201 allows the Court to declare a party's rights when there is an "actual controversy." 28 U.S.C. § 2201 Because all federal

claims are dismissed, no actual controversy remains, and so the Court dismisses the plaintiff's claim for declaratory and injunctive relief under § 2201.

Accordingly, the Court grants Wells Fargo's motion to dismiss.

Date: May 4, 2026

JEREMY C. DANIEL
United States District Judge

4