**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAVON WILLIAMS,<br>Plaintiff<br><br>v.<br><br>VOLKSWAGEN OF ORLAND PARK and WELLS FARGO AUTO,<br>Defendants | No. 25 CV 13468<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendants' motion to dismiss [26] is granted. Any amended complaint is due on or before September 8, 2026. This will be the last opportunity for the plaintiff to attempt to state a claim against defendant Wells Fargo. Further, there is no indication that defendant Volkswagen of Orland Park has appeared in this case. The plaintiff must provide proof of service on defendant Volkswagen of Orland Park on or before September 8, 2026. Failure to serve a defendant and provide proof of service within 90 days may result in dismissal of the complaint. *See* Fed. R. Civ. P. 4(m). The August 19, 2026, status hearing is stricken.

**STATEMENT**

**Background and Legal Standards**

The Court assumes familiarity with the facts of the case. (*See* R. 24 at 1–2.) Plaintiff Javon Williams filed a second amended complaint on May 24, 2026, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 814 ILCS 505/1, *et seq.*, and breach of contract against Defendants Volkswagen of Orland Park and Wells Fargo Auto ("Wells Fargo"). (R. 25 ¶¶ 54–68.) Wells Fargo moves to dismiss. (*See generally* R. 27.)

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Additionally, Federal Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must "describe the 'who, what, when, where, and how' of the fraud[.]" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

**Analysis**

Wells Fargo argues that the plaintiff's allegations fail to state a claim under both causes of action (R. 27 at 3–6.) To state a claim under the ICFA, a plaintiff must allege, "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta*, 761 F.3d at 739 (citing *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 574 (7th Cir. 2012)). And to state a claim for breach of contract, the plaintiff must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Roberts v. Columbia College, Chicago*, 821 F.3d 855, 863 (7th Cir. 2016) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 814 N.E.2d 960, 967 (2004)).

Here, the plaintiff states that his "allegations against Wells Fargo are limited to Wells Fargo's post-notice servicing and administration conduct after receiving written disputes concerning the transaction, electronic execution concerns, arbitration-related issues, and protection-plan disputes associated with the vehicle transaction." (R. 25 ¶ 50A.) Exhibit D to the complaint consists of "[c]ommunications and documentation relating to Wells Fargo Auto's receipt of Plaintiff's disputes and Wells Fargo's post-notice servicing and administration conduct relating to the financing account associated with the disputed transaction." (*Id.* at 21.) These communications consist of extension notices for unattached and unnamed concerns sent by the plaintiff to the Wells Fargo Auto Enterprise Complaints Management Office and Fraud Team. (*Id.* at 22–28, 30.) Also enclosed is a letter stating that, due to the plaintiff's past due status on his payments, Wells Fargo would be exercising its right to accelerate his account and seeking full payment of the $54,584.71 balance. (*Id.* at 29.)

These allegations and documents do not provide sufficient factual matter to allege that Wells Fargo either violated the ICFA or breached a contract. The plaintiff makes no allegations as to any actions taken by Wells Fargo that evince a deceptive or unfair practice. All allegations regarding deceptive practices pertain to Volkswagen of Orland Park and its course of action in transacting with the plaintiff regarding the

original vehicle transaction document (the "Transaction Document") and administering the DRIVE EZ Platinum Protection Plan (the "Protection Plan"). (*See generally* R. 25.)

As to breach of contract, the plaintiff does not identify any breach by Wells Fargo of the Transaction Document, which includes an assignment to Wells Fargo. (*Id.* ¶¶ 3, 21.) And he does not allege that Wells Fargo is a party to the Protection Plan or breached the Protection Plan in any way; again, those allegations are limited to Volkswagen. (*Id.* ¶¶ 25–47.) Accordingly, the plaintiff fails to state a claim under ICFA or for breach of contract against Wells Fargo, and Wells Fargo's motion to dismiss is granted.

Date: August 18, 2026

JEREMY C. DANIEL
United States District Judge